11-1567-cv
Weather v. City of Mount Vernon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of April, two thousand twelve,

Present:     JOHN M. WALKER, JR.,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                      *Circuit Judges.*

───────────────────────────────────────────────────────

PAUL WEATHER,

                      *Plaintiff-Appellee*,

             -v-                                      11-1567-cv

CITY OF MOUNT VERNON AND MICHAEL MARCUCILLI, SERGEANT,

                      *Defendants-Appellants*.

───────────────────────────────────────────────────────

Appearing for Appellant:      Hina Sherwani, *for* Loretta J. Hottinger, Office of the Corporation
                              Counsel, City of Mount Vernon, Mount Vernon, N.Y.

Appearing for Appellee:       Barry R. Strutt, Young & Bartlett, LLP, White Plains, N.Y.


Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellee Paul Weather brought claims against defendants-appellants Sergeant Michael Marcucilli and the City of Mount Vernon alleging, *inter alia*, excessive force, pursuant to 42 U.S.C. § 1983, and a state law claim of battery. A jury found in Weather's favor on these counts after trial. The district court, following the procedure set forth in *Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003), asked the jury questions relevant to qualified immunity via special interrogatories. On the basis of the jury's answers to those special interrogatories, it denied qualified immunity to Marcucilli. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellants' first challenge is to the district court's denial of qualified immunity. When a defendant invokes qualified immunity, we make the following analysis, deriving from *Saucier v. Katz*, 533 U.S. 194 (2001):

> First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second . . . the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Pearson v. California*, 555 U.S. 223, 232 (2009) (internal citations omitted). Courts can undertake the inquiry in any sequence. *Id.* at 236. Because the "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness," *Saucier*, 533 U.S. at 202, the two *Saucier* inquiries may "ultimately converge on one question in excessive force cases: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed was lawful," *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 n.7 (2d Cir. 2003). Still, we must address both prongs of the inquiry. *Oliveira v. Mayer*, 23 F.3d 642, 648-49 (2d Cir. 1994). We review a denial of qualified immunity de novo. *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007).

The majority of appellants' arguments rest on the contention that Weather's constitutional rights were not violated by Marcucilli's use of force. But such contention is largely foreclosed by the jury's verdict, which found that Weather "proved by a preponderance of the evidence that the defendant, Sergeant Marcucilli, intentionally or recklessly applied excessive force on Mr. Weather on January 12, 2007 in a manner that was objectively unreasonable under the circumstances." Only an appeal from the denial of a motion under Fed. R. Civ. Pro. 50 to set aside the verdict would theoretically avail appellants on this prong. Such a standard is high, however:

> Where, as here, a jury has deliberated in a case and actually returned its verdict, a district court may set aside the verdict pursuant to Rule 50 only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him."

2

*AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009) (quoting *Cross v. New York City Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005)).

We find the verdict was amply supported by the record and by the case law on excessive force. In *Graham v. Conner*, the Supreme Court held that a reasonableness standard applied to Fourth Amendment excessive force claims. 490 U.S. 386, 396 (1989). The Court indicated that three factors to consider in assessing reasonableness include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

As to the nature and the severity of the crime, appellants argue that "from Sergeant Marcucilli's perspective, plaintiff was committing crimes of impersonating a police officer without identification," as well as disorderly conduct. But the evidence amply supports the jury's finding that appellants did not prove that Marcucilli "heard, or was told, that plaintiff claimed he was an active Mount Vernon police officer." As to whether Weather was guilty of disorderly conduct or whether Marcucilli believed he was, the jury specifically rejected Marcucilli's testimony that "there was a crowd surrounding Mr. Weather and the crowd was chanting 'fuck the police.'" The jury also found Weather was not attempting to open the locked doors to the school. Substantial trial evidence supported such findings. Even if Weather were engaged in disorderly conduct, the latter is not even a crime in New York state, but a non-criminal violation. *See* N.Y. Penal Law. § 240.20. These findings, too, were well supported in the record. The severity of the crime, then, if any, must be low.

*Graham*'s second factor is whether the suspect poses an immediate threat to the safety of the officers or others. Here, appellants suggest that the jury found in their favor by virtue of the fact the jury answered "that a reasonable police officer facing the circumstances confronting Sergeant Marcucilli would have believed that he had sufficient grounds to remove plaintiff from the area and direct him toward the wall, without making further inquiry." The rest of the jury verdict makes clear, however, that this is not what Marcucilli did. The jury found, and was entitled to find based on the evidence, that Marcucilli "twisted plaintifs arm behind plaintiff's back" and "shove[d] or push[ed] plaintiff forcefully into the brick wall outside the school's entrance." That an officer may have been justified in "direct[ing] plaintiff toward the wall, without making further inquiry" does not mean that an officer would have been justified in twisting Weather's arm and slamming him into the brick wall. The evidence presented to the jury completely supports such findings. In the same vein, we cannot credit appellants' repeated reference to Marcucilli's actions as a "a routine police procedure or 'escort move.'" That something is standard does not mean it is always acceptable; merely recharacterizing it as an ordinary police exercise does nothing to tell us whether it was justified under the circumstance, nor does it undermine the fact that the jury found it was not. The evidence fully supports the jury's finding that Weather was not posing an immediate threat to himself or others.

The third *Graham* factor involves whether a person is actively resisting arrest or attempting to evade arrest by flight. Appellants' arguments have no more merit on this point. Here, appellants suggest that the fact Weather was "actively resisting is evidenced" by the fact

that he was not calm during his testimony. The demeanor of a witness and what it means about that witness's version of events could not be a more quintessential question for the jury. And the jury's findings strongly suggest they did not believe Weather was evading arrest. They found, at a minimum, that Marcucilli did not hear or was not told that Weather was falsely claiming to be an active police officer or that he was attempting to enter the locked doors of the school, suggesting that even if Weather was resisting arrest, it was an arrest Marcucilli had no right to make. Most crucially, Marcucilli did not arrest and did not even try to arrest Weather, even by his own testimony or the testimony of the other officer. Substantial trial testimony clearly supported a finding that Weather was not actively resisting arrest or attempting to evade arrest.

We cannot say the jury's findings as to whether force was excessive "could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *AMW Materials Testing, Inc.*, 584 F.3d at 457. The jury's finding that force was excessive must be upheld.

Our next inquiry is whether, having determined that Weather's rights were violated, "whether the officials' actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). This inquiry tends to converge with the first in excessive force cases, with the question ultimately being whether, in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed was lawful. *Cowan*, 352 F.3d at 765 n.7. We have here a well-developed factual record and special interrogatories which indicate that Marcucilli did not "reasonably believe that a reasonably prudent police officer would have acted . . . " *Oliveira,* 23 F.3d at 648-49. Appellants point to no evidence in the record which support a finding that a reasonable officer in Marcucilli's position would not have known that his behavior was unlawful. Further, all of the circumstances which appellants point out as evidence that supported Marcucilli's use of force were either expressly or implicitly rejected by the jury, whose findings were amply supported by the trial evidence.

The law protecting a person against excessive force in this situation is clearly established. Weather was breaking no law, was not resisting arrest, and was not placing himself or others in danger. No reasonable officer would believe that "twisting Mr. Weather's arm behind his back and pushing or shoving him into the brick wall outside the school" was a lawful use of force in this circumstance, and appellants point us to no cases that indicate otherwise. Further, as the district court wrote on this point that "no evidence was presented at trial to suggest that Sergeant Marcucilli made a mistake regarding his legal obligations such that would excuse his actions." Any "belief that his conduct was lawful" would not be reasonable, given the facts found by the jury. *Cowan*, 761 F.3d at 761. Qualified immunity was appropriately denied here.

4

We have examined the remainder of appellants' arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is **AFFIRMED**.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk